IN THE CIRCUIT COURT FOR SULLIVAN COUNTY
AT BRISTOL, TENNESSEE

FILED

2009 DEC 17 A 10: 38

TRAVIS C. LAMBERT,
a citizen and resident of
141 Olde Farm Road,
Jonesborough,
Washington County, Tennessee
37659

Plaintiff,

vs.

Civil Action No. C13740

STANDARD GUARANTY
INSURANCE COMPANY
11222 Quail Roost Drive,
Miami, Florida 33157-6596,

Defendant.

## COMPLAINT

NOW COMES Travis C. Lambert, Plaintiff in the above-styled cause, by and through his attorney of record, and would respectfully show unto this Honorable Court as follows:

1. Plaintiff is a citizen and resident of Washington County, Tennessee, whose present residential address appears in the above-caption. At the time of the incident complained of herein, Plaintiff was the owner of and maintained his principal residence on the premises commonly known as 683 Turner Road, Bluff City, Sullivan County, Tennessee 37618.

2. Defendant is an insurance company incorporated in the State of Florida, whose principal office address is believed to be located at 11222 Quail Roost Drive,

THIS INSTRUMENT
PREPARED BY:

JAMES D. CULP
ATTORNEY AT LAW
207 EAST MAIN ST., STE. 1-A
JOHNSON CITY, TN 37604
TELEPHONE: (423) 928-5600
FACSIMILE: (423) 928-1300

EXHIBIT
Coll. 1

Miami, Florida 33157-6596. It can be served through the Tennessee Department of Commerce and Insurance.

3. On or about the tenth (10th) day of November, 2004, Plaintiff acquired title to the subject premises referred to as 683 Turner Road, Bluff City, Tennessee, hereinabove, by warranty deed of record in the Register's Office for Sullivan County, Tennessee, in Deed Book 2185C at Page 185, to which reference is here made, and which property is more particularly described as follows:

SITUATE, LYING AND BEING within the Third (3rd) Civil District of Sullivan County, Tennessee, more particularly bounded and described as follows, to-wit:

MAP 113, GROUP –, PARCEL 4.00T

TRACT I:

BEGINNING at an iron pin in the southerly line of property of Calvin Miller and northeasterly line of other property of parties of the Second Part; thence with a line fence in the common boundary with Calvin Miller two calls and distances; North 85 degrees 30 minutes East, 557.41 feet to an iron pin and South 72 degrees 26 minutes East, 942.27 feet to a 30-inch chestnut oak common corner of Calvin Miller, Smith and property herein conveyed; thence with a line fence in the common line with Smith, South 12 degrees 51 minutes West, 105.20 feet to a point; thence South 17 degrees 18 minutes West, 182.96 feet to an 8-inch hickory; thence South 64 degrees 20 minutes West, 155.84 feet to a point; thence continuing with said line fence and the common line with Miller, South 77 degrees 12 minutes West, 199.82 feet to a 24-inch oak; thence South 89 degrees 50 minutes West, 138.08 feet to a post common corner of Miller, Robbins and property herein conveyed; thence with a line fence in the common line with Robbins two calls and distances; North 32 degrees 26 minutes West, 367.44 feet to a 10-inch oak and North 66 degrees 23 minutes West, 768.31 feet to an iron pin in the southerly line of other property of the parties of the Second Part; thence North 8 degrees 11 minutes West, 12.38 feet to the point of BEGINNING, containing 10.27 acres, more or less.

## TRACT II:

BEGINNING at an iron pin in the easterly right of way of Turner Road, common corner to Calvin Miller; thence with a line fence along the common boundary with Miller five (5) calls and distances: North 70 degrees 34 minutes East, 175.18 feet to an iron pin; thence South 180 degrees 23 minutes East, 157.60 feet to an iron pin; thence South 51 degrees 29 minutes East, 138.02 feet to an iron bar; thence South 67 degrees 16 minutes East, 192.61 feet to an iron bar; thence South 15 degrees 30 minutes East, 84.23 feet to an iron pin, corner to Miller and other property conveyed to Emmert by deed from Billy Jerry Glover, et al; thence with the line of the Emmerts, South 8 degrees 11 minutes East, 12.38 feet to an iron pin; thence a new line, South 81 degrees 49 minutes West, 18 feet to a point; thence North 8 degrees 11 minutes West, 11.23 feet to a point; thence North 15 degrees 30 minutes West, 74.35 feet to a point; thence North 67 degrees 16 minutes West, 186.38 feet to a point; thence North 51 degrees 29 minutes West, 145.87 feet to a point; thence 18 degrees 23 minutes West, 150.95 feet to a point; thence South 72 degrees 34 minutes West, 160.55 feet to the easterly boundary of Turner Road; thence with said road, North 1 degree 44 minutes West, 12.47 feet to the point of BEGINNING.

BEING the same property conveyed to Travis C. Lambert by deed dated the 10th day of November, 2004, from Allen L. Wilson, also known as Allen Lee Wilson, by his attorney-in-fact, Kathy Gwen Wilson, and wife, Kathy G. Wilson, of record in the Register's Office for Sullivan County, Tennessee, at Blountville, in Deed Book 2185C, Page185, to which reference is here made.

The aforementioned Warranty Deed is hereby incorporated into this Complaint by reference as fully as if set forth verbatim herein.

4. Subsequent to his acquisition of the subject real property, Plaintiff caused a single family dwelling to be constructed thereon. That dwelling contained over eight thousand (8,000) square feet of floor space, served as Plaintiff's principal residence, and was of substantial value. Subsequently, Plaintiff obtained a policy of insurance on the subject premises from the Defendant, specifically policy number FSH013094500. A copy of the insurance policy is appended to this Complaint as

Exhibit A and is incorporated herein by reference as fully as if set forth verbatim.

5. That under the aforementioned policy issued by Defendant, the dwelling was covered in an amount limited to $387,000.00 and the policy limit for personal property was $178,000.00.

6. That the aforementioned policy of insurance was in full force and effect at the time the loss complained of herein occurred.

7. That on the night of December 17, 2008, while Plaintiff was on vacation in Florida, the aforementioned home caught fire and was extensively damaged. Plaintiff was notified via telephone on the night of December 17, 2008, and returned to his home on December 19, 2008, at which time he quickly realized that the damage was so extensive that his house was a total loss, as were its contents.

8. That the fair market value of the subject home, to the best of Plaintiff's knowledge, information and belief was in excess of One Million Dollars ($1,000,000.00). Also, to the best of Plaintiff's knowledge, information and belief, the contents of the home were worth more than Two Hundred Thousand Dollars ($200,000.00). Both of the aforementioned figures are in excess of the limits of the policy issued to Plaintiff by Defendant.

9. After the loss was reported to the Defendant, the Defendant notified Plaintiff that it was reserving a decision as to whether to approve or deny his claim under the policy pending investigation. Although the terms of the aforementioned policy require any suit over a disputed claim to be commenced within one (1) year of the date of the loss, the Defendant, as of the date of this Complaint, has neither approved nor has it denied Plaintiff's claim.

10. That the rights of Plaintiff and Defendant under the aforementioned policy of insurance are the proper subject of declaratory judgment under T.C.A. §29-14-101, et seq. In the alternative, the failure of Defendant to approve or deny Plaintiff's claim constitutes a breach of contract.

PREMISES CONSIDERED, Plaintiff prays relief as follows:

1. That Plaintiff be allowed to maintain this action and that Defendant be required to make answer to the same.

2. That the Court communicate the rights of the parties under the aforementioned policy of insurance.

3. That Plaintiff be awarded monetary damages for the loss of his home in the amount of the policy limit of Three Hundred Eighty Thousand Dollars ($387,000.00).

4. That Plaintiff be awarded monetary judgment for the loss of the contents of his home in the amount of the policy limit of One Hundred Seventy-Eight Thousand Dollars ($178,000.00).

5. That Plaintiff be granted any and all other, further and general relief to which he may be entitled under the terms of the aforementioned insurance policy, the applicable law, or at equity.

6. That Plaintiff be allowed to freely amend this Complaint as other material facts may be discovered.

7. That Plaintiff have his costs.

RESPECTFULLY SUBMITTED,

_____
TRAVIS C. LAMBERT, Plaintiff

APPROVED FOR FILING:

*James D. Culp* (signature)

JAMES D. CULP, BPR #005941
Attorney for Plaintiff
207 E. Main Street, Suite 1A
Johnson City, Tennessee 37604
(423) 928-5600

## COST BOND

We, the undersigned, secure costs in the foregoing cause.

_____
PRINCIPAL

_____
SURETY



**STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

January 7, 2010

Standard Guaranty Ins Co
2908 Poston Avenue, % C S C
Nashville, TN 37203
NAIC # 42986

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7009 0960 0000 9317 4957
Cashier # 1113

Re: Travis C. Lambert V. Standard Guaranty Ins Co

Docket # C13740 (B)

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Document was served on me on January 5, 2010 by Travis C. Lambert pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Law Court of Sullivan County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Law Court Clerk
  Sullivan County
  P O Box 585
  Blountville, Tn 37617

Service of Process 615.532.5260



# Notice of Service of Process

CHS / ALL
Transmittal Number: 7299570
Date Processed: 01/12/2010

| | |
|---|---|
| Primary Contact: | Ms. Susan Small<br>Assurant Group<br>260 Interstate North Circle NW<br>Atlanta, GA 30339-2111 |
| Entity: | Standard Guaranty Insurance Company<br>Entity ID Number 1851810 |
| Entity Served: | Standard Guaranty Ins. Co. |
| Title of Action: | Travis C. Lambert vs. Standard Guaranty Insuance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Sullivan County Circuit Court, Tennessee |
| Case Number: | C13740 (B) |
| Jurisdiction Served: | Tennessee |
| Date Served on CSC: | 01/11/2010 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | TN Department of Commerce and Insurance on 01/05/2010 |
| How Served: | Certified Mail |
| Sender Information: | James D. Culp<br>423-928-5600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# STATE OF TENNESSEE
## SULLIVAN COUNTY
# SUMMONS

Travis C. Lambert

VS

Standard Guaranty
Insurance Co.
11222 Quail Roost Drive
Miami, Florida 33157-6596

LAW COURT, PART (I) (II)
AT (BLOUNTVILLE) (BRISTOL)
(KINGSORT), TENNESSEE

CIVIL ACTION NO. C 13740

NOTICE  (B)

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**TO THE ABOVE NAMED DEFENDANT (S):**

You are hereby summoned and required to serve upon James D. Culp, plaintiff's attorney, whose address is 2157 E. Main Street, Suite 1A, Johnson City, Tenn 37604 an answer to the complaint which is herewith served upon you within thirty (30) days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Tested this _____ day of _____, _____. Issued this 17 day of December, 2009.

TOMMY R. KERNS
Clerk
By: _____
Deputy Clerk

Received this _____ day of _____, _____.
_____ Deputy Sheriff

## RETURN

I certify and return that I:

☐ served this summons together with the complaint as follows:
_____

☐ failed to serve this summons within thirty (90) days after its issuance because:
_____

Date _____
_____ Deputy Sheriff

☐ accept service

I, _____, hereby accept service of process in this case as fully and in all respects, as though I had been personally served by a Deputy Sheriff of Sullivan County, and I acknowledge that I received a copy of the summons and complaint in this case.

This the _____ day of _____, _____.

_____ Defendant